UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH L. DOUGLASS-MAKNI,

       Plaintiff,

                                      Civil Action No. C-1-01-763

vs.

                                      Weber, J.
                                      Sherman, M.J.

VILLAGE OF PEEBLES, et al.,
       Defendants.

**REPORT AND RECOMMENDATION[1] AND ORDER**

    Plaintiff Deborah Douglass-Makni initiated this action on November 1, 2001, by filing a *pro se* complaint against Village of Peebles, Village of Peebles Police Department, David Cruea, Police Chief and Jody Adkins, Mayor of Peebles ("Defendants"). (*See* Doc. 1). Plaintiff is alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000-e, *et seq*, Ohio Revised Code § 4112, 28 U.S.C.§ 1983, and intentional infliction of emotional distress. *See id.* On August 11, 2003, plaintiff filed a motion to dismiss without prejudice. (*See* Doc. 53). Defendants' filed a joint response to plaintiff's motion to dismiss. (*See* Doc. 54). In their response, defendants' assert that they do not oppose a dismissal *with prejudice*. *See id.* However, defendants' "do oppose a dismissal *without prejudice* unless the dismissal is conditioned as permitted under Civ. R. 41 (d)." *See id.*

**DISCUSSION**

    a.     **Plaintiff's Motion to Dismiss**

    Rule 41(d) permits a defendant to recover costs from a plaintiff who dismisses an action and later brings an identical action.

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d). Thus, costs may be awarded after a plaintiff has initiated another action and the court determines the action involves the same claims and the same defendant as the previous

---

    [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

action. *See id.* Here, if plaintiff initiates the same action against defendants', after this action is dismissed, defendants' may properly bring a motion for costs under Rule 41(d). Accordingly, defendants' request that plaintiff's dismissal be conditioned by Rule 41(d) is premature at this time.

Furthermore, defendants' assertion that plaintiff's complaint should be dismissed with prejudice is also improper. Dismissal with prejudice should be used sparingly because it is a drastic sanction. *Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 96 (8th Cir.1971). "Absent a clear record of delay or contumacious conduct by the plaintiff, a dismissal with prejudice . . . constitutes an abuse of discretion." *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).

Defendants argue dismissal with prejudice is warranted due to plaintiff's serious allegations against a government entity and its officials and employees. (*See* Doc. 54). As a result of the serious nature of plaintiff's allegations, defendants' have mounted a vigorous defense, which included the taking of depositions, expert reviews, and the preparation of motions for summary judgment. *See id.* Defendants' noted they have jointly incurred approximately $50,000.00 in costs and professional fees in order to defend against plaintiff's allegations. *See id.* However, although plaintiff has displayed dissonant behavior at times, the Court finds plaintiff's conduct does not warrant dismissal with prejudice.

### b.    Other Pending Motions

Because plaintiff has dismissed this action, Village of Peebles, Peebles Police Department and Jody Adkin's motion for summary judgment (Doc. 45) and David Cruea's motion for summary judgment and motion to submit supplemental authority (Docs. 46, 49) should be denied as moot.

Lastly, defendants' motion to extend time to produce expert witness reports (Doc. 35), defendants' motion for sanctions and motion to compel (Doc. 36), plaintiff's motion to compel (Doc. 37), and plaintiff's motion to limit the scope of depositions (Doc. 38) are denied as moot.

**IT IS THEREFORE ORDERED THAT:**

1.    Defendants' motion to extend time to produce expert witness reports (Doc. 35) is **DENIED** as **MOOT**;

2.    Defendants' motion for sanctions and motion to compel (Doc. 36) is **DENIED** as **MOOT**;

3.    Plaintiff's motion to compel (Doc. 37) is **DENIED** as **MOOT**; and

4.    Plaintiff's motion to limit the scope of depositions (Doc. 38) is **DENIED** as **MOOT**.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's motion to dismiss should be **GRANTED**;

2.  Plaintiff's claims should be dismissed *without prejudice*;

3.  Village of Peebles, Peebles Police Department and Jody Adkin's motion for summary judgment (Doc. 45) should be **DENIED** as **MOOT**;

4.  David Cruea's motion for summary judgment and motion to submit supplemental authority (Docs. 46, 49) should be **DENIED** as **MOOT**; and

5.  This case should be **CLOSED**.

                                                                s/ Jack Sherman, Jr.
                                                                 Jack Sherman, Jr.
**DATE: 09/02/2003**                        United States Magistrate Judge

P:\JS\DEP\01cv763r&order.wpd\kne