X-RAY ☑
FRIDAY
U.S. MARSHALS SERVICE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Deborah L Berry
   2171 Patton Hill Road
   Chillicothe, OH 45601

   RECD OCT -1 [stamp]
   TIMOTHY J. MURPHY
   CINCINNATI, OHIO

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
   7001 2510 0008 6347 8859

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-0835

Deborah L Berry
2171 Patton Hill Road
Chillicothe, OH 45601

1.

RECEIVED
OCT 06 2003
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

## Other Orders/Judgments
1:01-cv-00763-HJW-JS Berry v. Peebles Village Of, et al

## U.S. District Court [LIVE]

### LIVE - U.S. District Court, Southern District of Ohio

Notice of Electronic Filing

The following transaction was received from ph, entered on 9/6/2003 at 10:35 AM EDT and filed on 9/6/2003
**Case Name:** Berry v. Peebles Village Of, et al
**Case Number:** 1:01-cv-763
**Filer:**
**Document Number:** 55

**Docket Text:**
REPORT AND RECOMMENDATIONS re [45] Motion for Summary Judgment filed by Peebles Village Of, Village Of Peebles Police Department, Jody Adkins should be denied as moot, [53] Motion to Dismiss filed by plaintiff Deborah L Berry should be granted, plaintiff's claim should be dismissed without prejudice, [46] Motion for Summary Judgment filed by David Cruea and [49] Motion for Leave to File filed by David Cruea should be denied as moot, case should be closed Objections to R&R due by 9/16/2003. Signed by Judge Jack Sherman Jr. on 9/6/03. (ph, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=9/6/2003] [FileNumber=6168-0
[5
aa932fd33b7565b3896314a2e913dc26f40cfbbe38cf5ff2145f8b7d4fc013c3cce
30bcac9824199296d5e32e37d377ffb636831aa291c1db1752c4d6fea]]

**1:01-cv-763 Notice will be electronically mailed to:**

Lynnette Pisone Ballato     lballato@nesubashi.com

Lawrence Edward Barbiere    lbarbiere@schroederlaw.com

**1:01-cv-763 Notice will not be electronically mailed to:**

Deborah L Berry
2171 Patton Hill Road
Chillicothe, OH 45601

## Orders on Motions
1:01-cv-00763-HJW-JS Berry v. Peebles Village Of, et al

U.S. District Court [LIVE]

LIVE - U.S. District Court, Southern District of Ohio

Notice of Electronic Filing

The following transaction was received from ph, entered on 9/6/2003 at 10:41 AM EDT and filed on 9/6/2003
**Case Name:**        Berry v. Peebles Village Of, et al
**Case Number:**      1:01-cv-763
**Filer:**
**Document Number:**

**Docket Text:**
ORDER denying as moot [35] Motion to Continue expert witness reports, [36] Motion for Sanctions, [36] Motion to Compel, [37] Motion to Compel, [38] Motion for Order to limit the scope of depos (Order contained in R&R SEE DOC. 55). Signed by Judge Jack Sherman Jr. on 9/6/03. (ph, )

The following document(s) are associated with this transaction:

**1:01-cv-763 Notice will be electronically mailed to:**

Lynnette Pisone Ballato    lballato@nesubashi.com

Lawrence Edward Barbiere    lbarbiere@schroederlaw.com

**1:01-cv-763 Notice will not be electronically mailed to:**

Deborah L Berry
2171 Patton Hill Road
Chillicothe, OH 45601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH L. DOUGLASS-MAKNI,

        Plaintiff,

                                                  Civil Action No. C-1-01-763

vs.

                                                  Weber, J.
                                                  Sherman, M.J.

VILLAGE OF PEEBLES, et al.,
        Defendants.

### REPORT AND RECOMMENDATION[1] AND ORDER

      Plaintiff Deborah Douglass-Makni initiated this action on November 1, 2001, by filing a *pro se* complaint against Village of Peebles, Village of Peebles Police Department, David Cruea, Police Chief and Jody Adkins, Mayor of Peebles ("Defendants"). (*See* Doc. 1). Plaintiff is alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000-e, *et seq*, Ohio Revised Code § 4112, 28 U.S.C.§ 1983, and intentional infliction of emotional distress. *See id.* On August 11, 2003, plaintiff filed a motion to dismiss without prejudice. (*See* Doc. 53). Defendants' filed a joint response to plaintiff's motion to dismiss. (*See* Doc. 54). In their response, defendants' assert that they do not oppose a dismissal *with prejudice*. *See id.* However, defendants' "do oppose a dismissal *without prejudice* unless the dismissal is conditioned as permitted under Civ. R. 41 (d)." *See id.*

### DISCUSSION

    a.    **Plaintiff's Motion to Dismiss**

      Rule 41(d) permits a defendant to recover costs from a plaintiff who dismisses an action and later brings an identical action.

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d). Thus, costs may be awarded after a plaintiff has initiated another action and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the court determines the action involves the same claims and the same defendant as the previous action. *See id.* Here, if plaintiff initiates the same action against defendants', after this action is dismissed, defendants' may properly bring a motion for costs under Rule 41(d). Accordingly, defendants' request that plaintiff's dismissal be conditioned by Rule 41(d) is premature at this time.

Furthermore, defendants' assertion that plaintiff's complaint should be dismissed with prejudice is also improper. Dismissal with prejudice should be used sparingly because it is a drastic sanction. *Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 96 (8th Cir.1971). "Absent a clear record of delay or contumacious conduct by the plaintiff, a dismissal with prejudice . . . constitutes an abuse of discretion." *Patterson v. Township of Grand Blanc,* 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).

Defendants argue dismissal with prejudice is warranted due to plaintiff's serious allegations against a government entity and its officials and employees. (*See* Doc. 54). As a result of the serious nature of plaintiff's allegations, defendants' have mounted a vigorous defense, which included the taking of depositions, expert reviews, and the preparation of motions for summary judgment. *See id.* Defendants' noted they have jointly incurred approximately $50,000.00 in costs and professional fees in order to defend against plaintiff's allegations. *See id.* However, although plaintiff has displayed dissonant behavior at times, the Court finds plaintiff's conduct does not warrant dismissal with prejudice.

b.  **Other Pending Motions**

Because plaintiff has dismissed this action, Village of Peebles, Peebles Police Department and Jody Adkin's motion for summary judgment (Doc. 45) and David Cruea's motion for summary judgment and motion to submit supplemental authority (Docs. 46, 49) should be denied as moot.

Lastly, defendants' motion to extend time to produce expert witness reports (Doc. 35), defendants' motion for sanctions and motion to compel (Doc. 36), plaintiff's motion to compel (Doc. 37), and plaintiff's motion to limit the scope of depositions (Doc. 38) are denied as moot.

### IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to extend time to produce expert witness reports (Doc. 35) is **DENIED as MOOT**;

2. Defendants' motion for sanctions and motion to compel (Doc. 36) is **DENIED as MOOT**;

3. Plaintiff's motion to compel (Doc. 37) is **DENIED as MOOT**; and

4. Plaintiff's motion to limit the scope of depositions (Doc. 38) is **DENIED as MOOT**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to dismiss should be **GRANTED**;

2. Plaintiff's claims should be dismissed *without prejudice*;

3. Village of Peebles, Peebles Police Department and Jody Adkin's motion for summary judgment (Doc. 45) should be **DENIED** as **MOOT**;

4. David Cruea's motion for summary judgment and motion to submit supplemental authority (Docs. 46, 49) should be **DENIED** as **MOOT**; and

5. This case should be **CLOSED**.

**DATE: 09/02/2003**

                                            s/ Jack Sherman, Jr.
                                            Jack Sherman, Jr.
                                            United States Magistrate Judge

P: JS:DEP 01cv763r&order.wpd kne